IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| BRANDON GOBER, #01942989, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:22-cv-70-JDK-JDL |
| CHRISTI KENNEDY, et al., | § § § | |
| Defendants. | § § § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Brandon Gober, a Texas Department of Criminal Justice inmate proceeding pro se, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. This case was referred to United States Magistrate Judge John D. Love for findings of fact, conclusions of law, and recommendations for disposition.

On March 8, 2022, Judge Love issued a Report and Recommendation recommending that the Court deny Plaintiff's motion for leave to proceed *in forma pauperis* and dismiss this case with prejudice for purposes of proceeding *in forma pauperis*. Docket No. 4. Specifically, Judge Love found that Plaintiff accumulated at least three strikes prior to filing this February 2022 lawsuit and failed to show imminent danger. *See* 28 U.S.C. § 1915(g).

Plaintiff moved for an extension of time to submit the $402.00 filing fee. Docket No. 6. Judge Love granted the motion, ordering Plaintiff to submit his filing

1

fee by April 19, 2022. Docket No. 7. Plaintiff also filed objections to the Report. Docket No. 8. Plaintiff has not yet submitted the required fee.

Where a party timely objects to the Report and Recommendation, this Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

On objection, Plaintiff recognizes that the complaint did not state a claim for imminent danger, but argues that he failed to do so "because [he] was being monitored by TDCJ guards" in retaliation for his previous lawsuit. Docket No. 8. Plaintiff now claims that imminent danger exists because Plaintiff is transgender and "speaks the truth." *Id.* Plaintiff asserts that TDCJ guards have engaged in physical and verbal assault. *Id.*

Plaintiff's objections are overruled for several reasons.

*First*, an issue or claim raised for the first time on objection is not properly before the District Court. *See Place v. Thomas*, 61 F. App'x 120 (5th Cir. 2003) (unpublished) ("Generally, an issue raised for the first time in an objection to a magistrate judge's report is not properly before the district court and therefore is not cognizable on appeal"). Plaintiff did not raise these claims in the complaint.

*Second*, even if Plaintiff's complaint had raised these issues, Plaintiff's claims

of imminent danger concern past harm. And allegations of past harm do not suffice. Rather, the harm must be imminent or occurring at the time that the complaint or notice of appeal is filed—and the exception refers to "a genuine emergency" in which "time is pressing." *See Heimerman v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003); *see also Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (5th Cir. 2001) ("Someone whose danger has passed cannot be reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.'"); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) ("Congress' use of the present tense in § 1915(g) confirms that a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis*….").

Plaintiff's specific allegations concerning imminent danger—being grabbed, pushed, shoved, and called names—do not reveal a genuine emergency for which time is pressing. Furthermore, to the extent that Plaintiff maintains that such behavior will continue as a result of past incidents, that is purely speculative and conclusory. *See Newman v. Harris*, 2019 WL 2150311, at *1 (5th Cir. 2019) (Mem.) (unpublished) (explaining that Newman's "allegation that he is in ongoing imminent danger is conclusory.").

*Third*, it is well settled that a prisoner's claim of imminent danger must relate to the complaint. *See Judd v. Federal Election Comm.*, 311 F. App'x 730, 731 (5th Cir. 2009). Here, Plaintiff's claims of imminent danger do not relate to the claims against the named Defendants—which concern Plaintiff's criminal conviction. In other words, Plaintiff's claims of imminent danger based on the physical and verbal

assault by TDCJ guards do not relate to the underlying claims against a former Smith County judge and district attorney concerning an alleged wrongful conviction.

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 4) as the opinion of the District Court. The Court **DENIES** Plaintiff's motion to proceed *in forma pauperis* (Docket No. 2), and **DISMISSES** Plaintiff's claims, with prejudice for purposes of proceeding *in forma pauperis* under 28 U.S.C. § 1915(g), but without prejudice as to the refiling of his lawsuit without seeking *in forma pauperis* status. Finally, if Plaintiff pays the requisite $402 filing fee within ten days of this Order, the lawsuit shall proceed as though the full filing fee had been paid from the outset.

**Signed this**
May 1, 2022

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE